UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KELLYANN A. McKENZIE,

                Plaintiff,                **MEMORANDUM & ORDER**

     -against-                           24-CV-6696 (NRM) (LB)

MICHAEL OCTOBER and PROGRESSIVE,

                Defendants.
----------------------------------------------------------------X

NINA R. MORRISON, United States District Judge:

Plaintiff Kellyann A. McKenzie ("Plaintiff"), proceeding *pro se*, commenced this civil action on August 27, 2024 in the United States District Court for the Southern District of New York. ECF No. 1. The action was transferred to this Court on September 24, 2024. ECF No. 6. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, ECF No. 2, is granted for the limited purpose of this Order. For the reasons set forth below, Plaintiff is directed to file an amended complaint within 30 days of the date of this Order.

## I. Background

The complaint is filed on a form complaint for civil actions. ECF No. 1. In the space to provide a basis for the federal courts' jurisdiction, Plaintiff checks the box for Diversity of Citizenship. ECF No. 1 at 2. She asserts that she is a citizen of Massachusetts and that both Defendants are citizens of New York State.[1] *Id.* at 2–

---

[1] The Court's own research reveals that Defendant Progressive is incorporated in and has its principal place of business in Ohio. *See* Securities and Exchange Commission, *Progressive Corp/OH/*, EDGAR | Company Search Results, https://www.sec.gov/edgar/browse/?CIK=80661&owner=exclude (last visited Feb. 28,

1

3. She provides only a post office box for Defendant Progressive in Albany, New York, and the only address provided for Defendant Michael October is "Brooklyn, N.Y." *Id.* at 4. Plaintiff claims that she was "parked at a stop light" in Brooklyn when she was rear-ended by "Defendant." *Id.* at 6. She states that she sought medical attention at Long Island Jewish Hospital and was released a few hours later after a CT scan. *Id.* at 6, 9. She states that she returned to the hospital a few days later with headaches. *Id.* at 9. According to the complaint, Plaintiff was diagnosed with a mild concussion and "disc herniation" and was recommended to do physical therapy for three months. *Id.* at 6, 9. She claims that she missed a week of school. *Id.* She seeks $130,000 in damages. *Id.*

## II. Standard of Review

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (first citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); and then citing *Selevan v. N.Y. Thruway Auth.*, 584

---

2025). Though unclear, Plaintiff's civil action may be against Progressive as the insurer for a policy on Plaintiff's vehicle. Where a civil action is against the insurer of a policy, the insurer is considered a citizen of every state of which the insured is a citizen, every state by which the insurer has been incorporated, and the state where the insurer has its principal place of business. 28 U.S.C. § 1332(c)(1).

F.3d 82, 88 (2d Cir. 2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Moreover, the party bringing the action must demonstrate that the court has subject matter jurisdiction over the action. "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). *See* Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The party claiming diversity jurisdiction "has the burden of proving that it appears to a reasonable probability" that the plaintiff's claim is greater than $75,000. *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank & Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (internal quotation marks omitted); *see also Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (stating that "with mounting federal case loads, . . . it has become doubly important that the district courts take measures to discover those suits which do not belong in a federal court and to dismiss them when the court is

3

convinced to a legal certainty that the plaintiff cannot recover an amount in excess of the minimum statutory jurisdictional amount") (internal quotation marks, omissions, and additions omitted).

### III. Discussion

In this case, Plaintiff seeks $130,000 in compensation for injuries she sustained in an automobile accident. However, Plaintiff has not explained how the injuries and treatment she describes — "mild concussion to [her] head, 3 Tylenols, [being] out of school for 1 week" because she was "told to rest," her "disc herniation," and "physical therapy for 3 months" — amounts to $130,000. Thus, she has not indicated the basis for her claim and the amount of damages she alleges. The Court is not satisfied that it is "reasonably probable" that Plaintiff can recover more than $75,000 in connection with her claim.

However, "before determining that the amount in controversy requirement has not been met, the court must afford the plaintiff an appropriate and reasonable opportunity to show good faith in believing that a recovery in excess of the jurisdictional amount is reasonably possible." *Chase Manhattan Bank*, 93 F.3d 1064, 1070 (2d Cir. 1996) (internal quotation marks and alterations omitted). Accordingly, the Court will give Plaintiff a chance to explain how her claim for money damages is worth more than $75,000. *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) ("A *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any

4

indication that a valid claim might be stated." (internal quotation marks and alterations omitted)).

Plaintiff has the option of filing her lawsuit in New York state court if her damages do not exceed $75,000. However, if she wishes to proceed in this Court and has a good faith basis to claim damages in excess of $75,000, she may file an amended complaint that asserts a basis for jurisdiction pursuant to 28 U.S.C. § 1332 by providing the necessary information for the state citizenship of each Defendant and the basis for her damages claim. Plaintiff is advised that an amended complaint completely replaces the prior pleading, so Plaintiff should include in the amended complaint all the necessary information to support her claims, including the specific details of the accident and her injuries, as well as any prior correspondence received from Defendants. Moreover, she must provide proper service addresses for both Defendants in order for the summons to be issued and served. The United States Marshal Service cannot be directed to serve on a post office box. The amended complaint should be captioned "Amended Complaint" and bear the same docket number as this Order.

## IV. Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3). However, Plaintiff may file an amended complaint as described in this Order. All further proceedings shall be stayed for 30 days. If Plaintiff fails to file an amended complaint within the time allowed or fails to assert facts to support

the Court's subject matter jurisdiction, the Clerk of Court shall be directed to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and to note the mailing on the docket.

Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729 to make an appointment for free, confidential, limited-scope legal assistance at the Brooklyn Federal Courthouse.

SO ORDERED.

                                                  */s/ Nina R. Morrison*
                                                  NINA R. MORRISON
                                                  United States District Judge

Dated:       March 15, 2025
               Brooklyn, New York